# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JEROME BATTLE, # 26199-075, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00485 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is pro se movant Jerome Battle's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. No. 1).

Pursuant to a binding plea agreement, *see* Fed. R. Crim. P. 11(c)(1)(C), Battle pleaded guilty to three counts: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1); failure appear before a court as required by the conditions of release in violation of 18 U.S.C. § 3146(a)(1) (Count 2); and possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3). The court sentenced Battle to concurrent 60-month terms for Counts 1 and 3 and a consecutive 12-month term for Count 2, for a total term of imprisonment of 72 months. Following completion of his prison term, Battle is currently serving a 3-year term of supervised release.

The Government has filed a response to Battle's Section 2255 motion, arguing that he is not entitled to relief. (Doc. No. 20). Battle has filed a reply. (Doc. No. 24). For the following reasons, Battle's motion will be denied.

1

## I.    BACKGROUND

Battle pleaded guilty on May 31, 2018, in Tennessee state court, to one count of aggravated assault, a Class C felony. (Doc. No. 20-2) (plea transcript). He was sentenced and the trial court entered judgment on the conviction on November 28, 2018. (Doc. No. 20-1).

On August 23, 2018—after Battle's change-of-plea hearing but before the state court sentenced him and entered judgment—officers conducting a traffic stop found Battle in possession of a firearm. (Case No. 3:19-cr-00039, Doc. No. 104 at PageID# 401). Based on this conduct, Battle was indicted in February 2019 for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1). (*Id.*, Doc. No. 1 at PageID# 1−2).

In September 2019, Battle was arrested on the warrant arising from his federal indictment. (*Id.*, Doc. No. 8 at PageID# 13). This court ordered him released on conditions approximately two weeks later. (*Id.*, Doc. No. 16 at PageID# 21−23).

On August 25, 2020, officers responded to a shooting in Nashville, Tennessee, and found the victim bleeding from his leg. (*Id.*, Doc. No. 122 at PageID# 501). Officers determined that Battle had taken the firearm during a confrontation, shot the victim in the leg, and then fled. (*Id.*)

In November 2020, Battle conceded a violation of the release conditions in his federal criminal case based on the allegation of unlawful conduct on August 25. (*Id.*, Doc. No. 46 at PageID# 91−92). This court ordered Battle to self-surrender to the United States Marshals Service by November 10, 2020. (*Id.*, Doc. No. 47 at PageID# 93−94). When he failed to do so, this court ordered a bench warrant for his arrest. (*Id.*, Doc. No. 48 at PageID# 95).

In August 2021, Battle was indicted by a federal grand jury on two additional counts: failure appear before a court as required by the conditions of release in violation of 18 U.S.C.

§ 3146(a)(1) (Count 2) and possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3).

Pursuant to a plea agreement, Battle pleaded guilty to all three counts in February 2022. (Case No. 3:19-cr-00039, Doc. No. 122 at PageID# 487−509). The terms of the plea agreement included a 72-month prison term and an appellate waiver. (*Id.*, Doc. No. 104 at PageID# 398−408). This court sentenced Battle to concurrent 60-month terms for Counts 1 and 3, plus a consecutive 12-month term for Count 2. (*Id.*, Doc. No. 111 at PageID# 428−29).

Battle did not appeal, but he filed a timely motion to vacate sentence pursuant to 28 U.S.C. § 2255, which is now before this court.

## II.    SECTION 2255 STANDARDS

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "To prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted). In Section 2255 proceedings, it is the movant's burden to show that he is entitled to relief. *See Potter v. United States*, 887 F.3d 785, 787−88 (6th Cir. 2018).

Except for a claim of ineffective assistance of counsel, a defendant procedurally defaults a claim by failing to raise it on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). If a claim is procedurally defaulted, a defendant may not raise it in a Section 2255 motion unless

he can demonstrate (1) cause and prejudice to excuse his failure or (2) his actual innocence. *See Huff v. United States*, 734 F.3d 600, 605−06 (6th Cir. 2013).

The element of cause requires "good cause" for the movant's failure to raise his claims on direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). A movant demonstrates prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

"'[A]ctual innocence' means factual innocence, not merely legal insufficiency." *Bousley*, 523 U.S. 614 at 623. A movant's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances described in the presentence report" and plea agreement. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

## III.   ANALYSIS

The Section 2255 motion asserts six grounds for relief:

(1) actual innocence as to Count 1;

(2) actual innocence as to Count 3;

(3) ineffective assistance of counsel for failing to investigate and for allowing Battle to plead guilty;

(4) ineffective assistance of counsel at sentencing;

(5) ineffective assistance of counsel for failing to raise a speedy trial challenge; and

(6) ineffective assistance of counsel for failing to file an appeal based on speedy trial and sentencing grounds.

(Doc. No. 1 at 6−15).

The Government raises both procedural and substantive defenses. First, the Government argues that Battle's actual-innocence challenges are both procedurally defaulted and barred by the appellate waiver in his plea agreement. (Doc. No. 20 at PageID# 69−78). Next, the Government argues that the court should apply the concurrent-sentence doctrine and not resolve Battle's actual-

4

innocence challenge to Count 1. (*Id.* at PageID# 78−79). Finally, the Government addresses the merits of Battle's ineffective-assistance-of-counsel claims, arguing that Battle is not entitled to relief on them. (*Id.* at PageID# 79−83).

Upon review of the parties' filings, the court concludes that Battle has not demonstrated actual innocence as to Count 3 of his indictment or that counsel was ineffective. The court declines to adjudicate Battle's challenge to Count 1 of his indictment.

### A.  Evidentiary Hearing

The court finds that no evidentiary hearing is necessary, as the § 2255 motion and the record in this case "conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)); *see also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("A hearing is not necessary ... when a petitioner's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.") (citations and internal quotation marks omitted).

### B.  Actual Innocence as to Count 3 — Ground 2

In Ground 2, Battle asserts, "Defendant was actually innocent of the conduct alleged in Count 3. No evidence showed the defendant possessed ammunition and the defendant attempted to plead not guilty to this offense." (Doc. No. 1 at PageID# 7).

The Sixth Circuit has not recognized a freestanding actual innocence claim for relief under Section 2255. *Evers v. United States*, No. 17-5419, 2017 WL 8794876, at *1 (6th Cir. Oct. 27, 2017) (denying certificate of appealability); *cf. Wright v. Stegall*, 247 Fed. Appx. 709, 711−12 (6th Cir. 2007) (declining to recognize freestanding innocence claim in 28 U.S.C. § 2254 context). However, even assuming such a claim may be a basis for relief, Battle has not shown that he is entitled to relief here.

5

"[T]he threshold for any hypothetical freestanding innocence claim [would be] extraordinarily high." *House v. Bell*, 547 U.S. 518, 555 (2006). At minimum, the standard would be more demanding than that required for a "threshold" showing of actual innocence, which requires a movant to identify new evidence of his innocence and demonstrate, in light of the new evidence, "that more likely than not any reasonable juror would have reasonable doubt" of his guilt. *House v. Bell*, 547 U.S. 518, 539 (2006).

Here, Battle has not identified any new evidence of his innocence as to Count 3, let alone evidence that would create doubt in the mind of any reasonable juror. At most, he argues a legal theory that was available to him when he pleaded guilty. (*See* Doc. No. 24 at PageID# 124). He has therefore failed to meet the "extraordinarily high" threshold for a freestanding actual innocence claim, even assuming that any such claim could warrant relief.

### C. Concurrent-Sentence Doctrine — Count 1

The Sixth Circuit "follow[s] the 'concurrent-sentence doctrine,' by which [courts] decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction, the defendant will suffer no collateral consequence from the conviction, and the issue does not involve a significant question." *United States v. Willis*, 162 F.4th 739, 745 (6th Cir. 2025) (quotation marks and citation omitted). On its face, Petitioner's challenge to Count 1 fits within the concurrent-sentence doctrine, as the court has found that Petitioner's conviction on Count 3 is valid, and Petitioner received identical concurrent sentences on the two convictions. Petitioner does not identify any basis for not applying the concurrent-sentence doctrine here. Indeed, he does not address the Government's argument on this point in his reply. (*See generally* Doc. No. 24).

6

Accordingly, the court will exercise its discretion and decline to address the merits of Petitioner's challenges to his conviction on Count 1.

### D.  Ineffective Assistance of Counsel

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687−88 (1984). A defendant must also demonstrate prejudice, defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, Battle asserts that his attorney was ineffective for "allowing" him to plead guilty, failing to effectively advocate at sentencing, failing to raise a speedy-trial challenge, and failing to file an appeal. (Doc. No. 1 at PageID# 9−11). The court will address each set of contentions in turn.

#### 1.  Guilty Plea

When a defendant challenges a guilty plea based on alleged ineffective assistance of counsel, the *Strickland* test applies with one wrinkle: "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" or bargained for a more favorable plea. *Hill v. Lockhart*, 474 U.S. 52, 58−59 (1985); *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023). The prejudice inquiry is "an objective, rather than a subjective" one, requiring "the petitioner to demonstrate that rejecting the plea bargain would have been rational under the circumstances." *Kimbrough v. United States*, 71 F.4th 468, 374 (6th Cir. 2023).

Here, Battle asserts that counsel was ineffective for "allowing" him to plead guilty despite defenses that Battle believes were viable. (Doc. No. 1 at 6). Specifically, Battle believes he could have succeeded on a defense that he was not yet convicted of a felony on August 23, 2018, the

7

date underlying his conviction on Count 1, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*Id.*). Battle also believes he could have succeeded in a self-defense argument to avoid conviction on Count 3, possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). However, Battle's attorney has stated under penalty of perjury that he discussed both of these potential defenses with Battle before he pleaded guilty (Doc. No. 20-3 at PageID# 110−11), and Battle does not dispute that these discussions occurred (*see generally* Doc. No. 24). Indeed, Battle testified at the change-of-plea hearing that he had discussed all possible defenses with his attorney, that his attorney had "done all the investigation [Battle had] asked him to do," and that Battle was "satisfied with [counsel's] representation of [him] so far." (Case No. 3:19-cr-00039, Doc. No. 122 at PageID# 490).[1] Battle has therefore failed to demonstrate that counsel performed deficiently by "allowing" him to plead guilty.

Battle has also failed to demonstrate prejudice. He received substantial benefit from the plea agreement, most notably a sentence well below the bottom range of the sentencing guidelines. (Case No. 3:19-cr-00039, Doc. No. 123 at PageID# 516). Battle agreed to the plea based on the risk of conviction at trial, despite being aware of his available defenses. (Doc. No. 20-3 at PageID# 110−11). He has not shown that he would have rationally chosen a different path absent the alleged deficient performance by counsel. Accordingly, he is not entitled to relief on this ground.

### 2. Sentencing

Battle asserts that counsel was ineffective at sentencing for failing to raise arguments that Battle believes would have lowered his offense level. (Doc. No. 24 at PageID# 124−28). However,

---

[1] The court notes that counsel filed a Motion to Suppress, challenging the traffic stop underlying Count 1 (Case No. 3:19-cr-00039, Doc. No. 69), which was denied at the close of an evidentiary hearing (*id.*, Doc. No. 81).

Battle pleaded guilty pursuant to a binding plea agreement with a defined 72-month sentence. (*See* Case No. 3:19-cr-00039, Doc. No. 123 at PageID# 512−13). Additionally, the court gave Battle multiple opportunities to address the court during sentencing, and he declined to do so. (*Id.*). Regardless, Battle has not shown a reasonable probability that the court would have rejected the binding plea agreement based on the arguments he now raises. Accordingly, he has failed to demonstrate prejudice under *Strickland*, and he is not entitled to relief on this claim.

### 3. Speedy Trial

Battle asserts that counsel was ineffective for "failing to properly challenge the violation of [his] speedy trial rights." (Doc. No. 1 at PageID# 11) ("Counsel did not properly learn or argue the correct rules and laws applied to Interstate Agreement on Detainers Act, as they applied to defendant's speed[y] trial rights."). However, counsel filed and briefed a motion to dismiss on speedy trial grounds based on the Interstate Agreement on Detainers Act (Case No. 3:19-cr-00039, Doc. Nos. 88, 91), which was denied by the court in a memorandum decision (*id.*, Doc. No. 92). Battle does not identify any legal argument that counsel failed to raise, let alone a potentially successful one. Accordingly, he has failed to demonstrate deficient performance or prejudice on this ground.

### 4. Appeal

Finally, Battle asserts that counsel was ineffective for failing to file a notice of appeal. However, counsel asserts under penalty of perjury that "[a]t no point before Mr. Battle's plea hearing, or after the hearing, did he ask me to file an appeal on his behalf." (Doc. No. 20-3 at PageID# 111). Battle does not rebut this assertion in his reply, nor does he provide any evidence that he timely "gave counsel specific instructions . . . to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Accordingly, Battle is not entitled to relief on this ground.

*See Hopkins v. United States*, No. 17-1599, 2017 WL 9477084, at *2 (6th Cir. Nov. 27, 2017) (denying certificate of appealability on claim of ineffective assistance of counsel for failure to appeal, where defendant "offered only conclusory, repetitive allegations" regarding his alleged notice to counsel of his desire to appeal).

## IV.  CONCLUSION

For the reasons set forth, Battle's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. To obtain a certificate of appealability on any issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with the resolution of Battle's claims, the court **DENIES** a COA. However, Battle may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

10